# IN THE UNITED STATES DISTRICT COURT
# FOR THE NOTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **VICKY PHILLIPS,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO: |
| | ) |
| **WALMART STORES, EAST, LP,** | ) |
| **WALMART REAL ESTATE** | ) |
| **BUSINESS TRUST, et al.** | ) |
| | ) |
|    **Defendants.** | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant, Walmart Stores, East, LP, (hereinafter "Walmart"), by and through its undersigned counsel, and hereby gives notice of the removal of the above-styled cause to the United States District Court for the Northern District of Alabama, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b). As grounds for removal, Walmart states as follows:

### Introduction and Grounds for Removal

1. The state court lawsuit at issue is styled <u>Vicky Phillips v. Walmart Stores, East, LP, Walmart Real Estate Business Trust, et al.</u>, CV-2020-900263 and was filed in the Circuit Court of Calhoun County on May 12, 2020. (*See* Complaint, attached hereto as part of compilation Exhibit A) (hereinafter the "state court lawsuit"). Walmart was served with the lawsuit on May 15, 2020 and timely filed

1

its Answer. Upon verification that the case was removable, Walmart timely filed this Notice of Removal in accordance with 28 U.S.C. § 1446(b).  As required by 28 U.S.C. §§ 1446(a) and 1447(b), copies of the case action summary and all documents contained in the state court action are attached collectively to this Notice of Removal as Exhibit A.

2. The Plaintiff in this action, Vicky Phillips, has raised claims against Walmart for negligence (Count I), wantonness (Count II), and negligent hiring, training, and supervision (Count III) arising out of a fall she sustained while shopping in a Walmart store. (*See* Complaint).

3. Calhoun County, Alabama, where the state court action is pending, is within the territorial jurisdiction of the United States District Court for the Northern District of Alabama, Eastern Division.  *See* 28 U.S.C. §§ 81(a)(4).  Accordingly, removal to this Court is proper.  *See* 28 U.S.C. § 1441(a).

4. Walmart's Notice of Removal is based on the diversity jurisdiction of this Court.  *See* 28 U.S.C. § 1332(a) and (c).

## Diversity of the Parties

5. Walmart Stores East, LP, and Walmart Real Estate Business Trust are the only named Defendants in the state court action, and no fictitious parties have been named in that case.  *See* 28 U.S.C. § 1441(b)(1) (fictitiously named defendants are to be disregarded in federal court as a matter of law).

6.  Walmart Business Trust is due to be dismissed, and the parties have agreed to this dismissal, as Walmart Business Trust is not a proper party to this lawsuit.

7.  Upon information and belief, Phillips is a resident of and domiciled in the state of Alabama, as alleged in the Complaint (*See* Complaint, at ¶ 1). Walmart is a foreign corporation both incorporated in and with its principal place of business in the state of Arkansas. Pursuant to 28 U.S.C. § 1332(c)(1), Walmart is therefore deemed a citizen of the state of Arkansas.

8.  Complete diversity of citizenship between the parties exists under 28 U.S.C. § 1332 because Phillips is a resident of and domiciled in the state of Alabama, and Walmart is a citizen of the state of Arkansas.

## Amount in Controversy

9.  Phillips' Complaint seeks unspecified compensatory and punitive damages due to injuries she alleges to have sustained after a fall within a Walmart store. (*See* Complaint, at ¶¶ 4, 40). On August 3, 2020, Phillips responded to Walmart's Requests for Admissions from Walmart admitting that the amount in controversy in this case exceeded $75,000, that she is seeking an award of more than $75,000 to satisfy all claims alleged in her Complaint, and that there is evidence to support an award of damages in this case exceeding $75,000. (*See* Plaintiff's Responses to Defendant's Requests for Admissions, at ¶¶ 1, 2, 5).

10. A removing defendant can provide evidence to demonstrate the requisite amount in controversy at the time of removal in a 28 U.S.C. § 1446(b) "second paragraph case.[1]" Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2007). Such evidence can include, in addition to the allegations in the complaint, "facts alleged in the notice of removal, *judicial admissions made by the plaintiffs*, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy is satisfied." Pretka, 608. F.3d at 754, citing Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (emphasis added) and 16 James Wm. Moore et al., Moore's Federal Practice §107.14 *et seq.* (3d ed. 2010).

11. While Walmart in no way concedes Phillips can establish that she is entitled to recover <u>any</u> of these damages, her likelihood of success is irrelevant at this juncture. As the Eleventh Circuit opined in Pretka, "the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." Pretka, 608 F.3d at 751, citing Amoche v.

---

[1] Historically, so-called "first paragraph removal" referred to cases removed within thirty days of the initial pleading (when the grounds for removal are evident on the face of the complaint), as compared to "second paragraph removal," which referred to cases removed after the initial thirty day period but within thirty days of the receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . ." *See* 28 U.S. C. § 1446(b). The subparts of § 1446(b) have since been renumbered, but the terminology endures.

4

Guarantee Trust Life Inc. Co., 556 F.3d 41, 51 (1st Cir. 2009) (emphasis in original). Keeping in mind that the removing defendant need only "prove by a preponderance of the evidence that the amount in controversy *more likely than not* exceeds the [applicable] jurisdictional requirement," Walmart has more than satisfied this burden.  See Pretka, 608. F.3d at 752, citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996) (emphasis added by Pretka Court).

## Procedural Compliance

12.  Walmart has provided a copy of this Notice of Removal to all adverse parties and to the Clerk of Court of Calhoun County, Alabama, in accordance with 28 U.S.C. § 1446(d).

13.  Walmart reserves the right to supplement or amend this Notice of Removal as necessary and appropriate.

                                  Respectfully submitted,

                                  /s/     Julie D. Pearce
                                  Julie D. Pearce (asb-9946-c35j)
                                  Amanda Graham (asb-9124-r15a)
                                  Attorneys for Defendant Walmart Stores East, LP

**OF COUNSEL:**
**GAINES GAULT HENDRIX PC**
361 Summit Boulevard, Suite 200
Birmingham, Alabama 35243
Telephone:  205-980-5888
Facsimile:  205-980-1098
jpearce@ggh-law.com
agraham@ggh-law.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 2nd day of September, 2020.

Kevin L. Berry
**MORGAN AND MORGAN BIRMINGHAM PLLC**
2031 2nd Avenue North
Birmingham, Alabama 35203

                                    /s/     Julie D. Pearce
                                    OF COUNSEL