FILED
2020 Sep-03  AM 09:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
5/12/2020 1:16 PM
11-CV-2020-900263.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | | |
|---|---|---|
| VICKY PHILLIPS, an individual, | ) | JURY DEMAND REQUESTED |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| WALMART STORES, EAST, LP; | ) | |
| WALMART REAL ESTATE | ) | |
| BUSINESS TRUST; | ) | |

There may be other entities whose true names, identities and proper party Defendants are unknown to the Plaintiff at this time who may be legally responsible for the claim(s) set forth herein and who may be added by amendment by the Plaintiff when their names, identities and proper party status are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer and include any and all legal entities including persons, any and all forms of partnership, any and all types of corporation and unincorporated associations and any and all limited liability companies. The symbol by which these party(ies) defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterizations of the symbol applies to more than one entity. In the present action, the party Defendants which the Plaintiff must include by descriptive characterization are as follows:

DEFENDANT "A", the legal entity responsible for the hazardous condition located at Walmart Super Center Store #300 located in Jacksonville, AL;

DEFENDANT "B", the legal entity who or which failed to warn the Plaintiff of the unreasonably dangerous or defective condition of the premises on the occasion described herein;

DEFENDANT "C", the legal entity who or which failed to train the individual(s) responsible for warning the public of the unreasonably dangerous or defective condition of the premises on the occasion described herein;

DEFENDANT "D", the legal entity responsible for creating the unreasonably dangerous or defective condition of the premises on the occasion described herein;

DEFENDANT "E", the legal entity who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit;

DEFENDANT "F", the legal entity who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit;

DEFENDANT "G", the legal entity who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit;

DEFENDANT "H", the legal entity who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence;

**DEFENDANT "I", the legal entity who or which controlled or had the right to control the access, ingress, egress, or entrance to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence;**

**DEFENDANT "J", the legal entity who or which conducted safety inspections or analysis at or with referenced to the site of the occurrence made the basis of this lawsuit; prior to the date of said occurrence;**

**DEFENDANT "K", the legal entity including, but not limited to the general liability insurance carrier of the entity which owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit, which conducted any safety inspection or analysis of or with regard to the premises involved in the occurrence made the basis of this lawsuit at any time prior to said occurrence;**

**DEFENDANT "L", the legal entity who or which provided any insurance coverage, of whatever kind or character, for any of the named defendants or fictitious party defendants listed or named herein;**

**DEFENDANT "M", the legal entity who or which is the successor in interest of any of those entities described above;**

**DEFENDANT "N",**

**DEFENDANT "O", the legal entity who or which provided any cleaning service and/or maintenance of the premises involved in the claim made the basis of this lawsuit;**

**DEFENDANT "P", the legal entity who or which supervised or trained the person(s) responsible for the premises involved in the occurrence made the basis of this lawsuit;**

**DEFENDANTS, "Q", "R", "S", AND "T", those other legal entities whose combined and concurrent negligence, wantonness or other wrongful conduct contributed to cause the Plaintiff's injuries involved in the incident made the basis of this suit.  All of the above fictitious party Defendants' true and correct names are otherwise unknown at this time but will be supplied by amendment and substitution when ascertained;**

      **Defendants.**

---

## PLAINTIFF'S COMPLAINT

---

### THE PARTIES

1.     Plaintiff, Vicky Phillips, is over the age of nineteen years and a resident citizen of Calhoun County, Alabama.

2.     Defendant, Walmart Stores East, LP is a foreign limited partnership who actively conducts business in the State of Alabama and specifically in this case, upon information and belief, in Calhoun County, Alabama.

3.     Defendant, Walmart Real Estate Business Trust is a foreign corporation who

actively conducts business in the State of Alabama and specifically in this case, upon information and belief, in Calhoun County, Alabama.

## STATEMENT OF THE FACTS

4.      On or about the 24th day of May, 2019, Plaintiff Vicky Phillips was shopping in the garden center of the Walmart Supercenter Store #300 at 1625 Pelham Rd. S., Jacksonville, Alabama 36265.  While walking through the area, Plaintiff passed by a pallet of young trees for sale.  As she passed said pallet, one of the trees tipped over onto her, causing her to stumble and fall.

5.      At said time and place, the Defendants, those named and identified as fictitious party defendants in the caption of the Complaint, failed to properly maintain and/or secure the trees from falling over at the aforementioned place, thus creating a hazardous condition.

6.      Defendants, those named and identified as fictitious party defendants in the caption of the Complaint, failed to properly maintain and/or mark the hazardous area and/or prevent the hazardous condition at the Walmart Supercenter Store # 300 located at 1625 Pelham Rd. S., Jacksonville, Alabama 36265 in order to protect the public from injury.

7.      Defendants, those named and identified as fictitious party Defendants in the caption of the Complaint, created a defective and unreasonably dangerous condition by failing to properly maintain and/or mark and/or secure the hazardous condition area at Walmart Supercenter Store # 300 located at 1625 Pelham Rd. S., Jacksonville, Alabama 36265.

8.      While walking in the garden center in the Walmart store, the Plaintiff Vicky Phillips was caused to fall and be injured due to a defective and unreasonably dangerous condition.  No warning was provided to inform that the defective and unreasonably dangerous condition existed, and no safety devices or barriers or other measures were used to warn and protect the public from injury as a result of said condition.  As a result, the Plaintiff, Vicky

Phillips, was injured and damaged.

9.     As a direct and proximate consequence of the deceptive, defective and unreasonably dangerous condition of the unsecured trees on the pallet, the Plaintiff, Vicky Phillips, sustained an injury, amongst other things, to her left shoulder which required surgery. Furthermore, Plaintiff, Vicky Phillips, was knocked, shocked, bruised, contused and injured over her body.

10.    Plaintiff Vicky Phillips underwent, and continues to undergo, significant medical treatment, including surgery and physical therapy, for the injuries she received in the occurrence made the basis of this lawsuit.

11.    Plaintiff Vicky Phillips is unable to perform some of her normal activities; she has undergone and will continue to undergo significant medical treatment for her condition; she has incurred and will continue to incur expenses related to her injury; she has suffered and will continue to suffer in the future from severe pain and mental anguish; and she has otherwise been permanently injured and damaged.

## COUNT I
## NEGLIGENCE

12.    Plaintiff Vicky Phillips re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

13.    Defendants, those named and identified as fictitious party Defendants in the caption of the Complaint, negligently caused or allowed the area where Plaintiff was walking to be in such a defective and unreasonably dangerous condition that Plaintiff was caused to fall due to an unsecured tree, which was on a pallet with other similar trees for sale, tipping over onto her through no fault of her own.

14.    Defendants, those named and identified as fictitious party Defendants in the

caption of the Complaint, knew, should have known or could have known of the unsafe condition and negligently failed to warn the Plaintiff, Vicky Phillips, of the condition.

15.     Defendants, those named and identified as fictitious party Defendants in the caption of the Complaint, negligently failed to instruct and train its employees with respect to the maintenance and safety of the premises.

16.     Defendants, those named and identified as fictitious party Defendants in the caption of the Complaint, negligently failed to secure the trees on the aforementioned pallet.

17.     Defendants, those named and identified as fictitious party Defendants in the caption of this Complaint, negligently failed to train, manage and/or adequately supervise the employees about the dangerous condition of unsecured trees which caused Plaintiff, Vicky Phillips' injuries on May 24, 2019.

18.     Defendants, those named and identified as fictitious party Defendants in the caption of this Complaint, negligently failed to adequately warn of the hazards associated with the use of the premises on which the Plaintiff was injured.

19.     Defendants, those named and identified as fictitious party Defendants in the caption of this Complaint, negligently failed to properly warn Plaintiff of the deceptive, defective, and unreasonably dangerous condition which they created.

20.     Defendants, those named and identified as fictitious party defendants in the caption of this Complaint, negligently failed to adequately provide literature, instructions and training aids relating to the hazards associated with the failure to properly warn customers of the hazardous condition in order to protect the public from injury.

21.     Defendants, those named and identified as fictitious party defendants in the caption of this Complaint, negligently failed to prescribe, adopt, or promulgate rules or policies regarding the handling and/or securing and/or placement of pallets holding trees, and the

securing of the trees themselves, or if said Defendants did prescribe, adopt, or promulgate said rules or policies, Defendants negligently failed to abide by said rules or policies.

22.     Defendants, those named and identified as fictitious party defendants in the caption of this Complaint, knew or should have known that the failure to properly place the pallet of trees and/or properly secure them rendered the premises defective and unreasonably dangerous and that it failed to either warn the plaintiff of the defective and unreasonably dangerous condition or to make the premises safe.  Defendants, those named and identified as fictitious party defendants in the caption of this Complaint, maintained its premises in a negligent manner.

23.     As a proximate consequence of Defendants', those named and identified as fictitious parties in the caption of this Complaint, negligence, Plaintiff, Vicky Phillips, was injured and damaged as alleged in paragraphs 9-11 above.

WHEREFORE, Plaintiff Vicky Phillips demands judgment against Defendants, those named and identified as fictitious party Defendants in the caption of the Complaint, in an amount to be determined by a struck jury, interest and the costs of this action.

## COUNT II
## WANTONNESS

24.     Plaintiff Vicky Phillips re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

25.     Defendants, those named and identified as fictitious party Defendants in the caption of the Complaint, wantonly caused or allowed said area where Plaintiff was walking to be in such a defective and unreasonably dangerous condition that Plaintiff was caused to fall due to a tree, for sale, tipping over onto her through no fault of her own.

26.     Defendants, those named and identified as fictitious party Defendants in the

caption of the Complaint, knew, should have known or could have known of the unsafe condition and wantonly failed to warn the Plaintiff, Vicky Phillips, of the condition.

27.     Defendants, those named and identified as fictitious party Defendants in the caption of the Complaint, wantonly failed to instruct and train its employees with respect to the maintenance and safety and proper handling and placement of the pallet of trees for sale on its premises, and the trees themselves.

28.     Defendants, those named and identified as fictitious party Defendants in the caption of the Complaint, wantonly failed to inspect said premises in a timely manner in order to take remedial action as to the unsafe condition.

29.     Defendants, those named and identified as fictitious party Defendants in the caption of this Complaint, wantonly failed to train, manage and/or adequately supervise the maintenance, handling, placement and securing of the pallet and/or the trees themselves, which caused Plaintiff, Vicky Phillips' injuries on May 24, 2019.

30.     Defendants, those named and identified as fictitious party Defendants in the caption of this Complaint, wantonly failed to adequately warn of the hazards associated with the use of the premises in the area in which the Plaintiff was injured.

31.     Defendants, those named and identified as fictitious party Defendants in the caption of this Complaint, wantonly failed to properly safeguard the pallet and trees upon it and caused the defective and unreasonably dangerous condition which injured Plaintiff.

32.     Defendants, those named and identified as fictitious party defendants in the caption of this Complaint, wantonly failed to adequately provide literature, instructions and training aids relating to the hazards associated with the failure to properly maintain and safeguard the pallets and/or trees for sale in order to protect the public from injury.

33.     Defendants, those named and identified as fictitious party defendants in the

caption of this Complaint, wantonly failed to prescribe, adopt, or promulgate rules or policies regarding the handling and/or securing and/or placement of pallets holding trees, and the securing of the trees themselves, or if said Defendants did prescribe, adopt, or promulgate said rules or policies, Defendants negligently failed to abide by said rules or policies.

34.      Defendants, those named and identified as fictitious party Defendants in the caption of this Complaint, knew or should have known that the failure to properly place the pallet of trees and/or secure the trees on said pallet rendered the premises and condition defective and unreasonably dangerous, and that it failed to either warn the Plaintiff of the defective and unreasonably dangerous condition or to make the premises safe.  Defendants, those named and identified as fictitious party Defendants in the caption of this Complaint, maintained its premises in a wanton manner.

35.      As a proximate consequence of Defendants', those named and identified as fictitious parties in the caption of this Complaint, wantonness, Plaintiff, Vicky Phillips, was injured and damaged as alleged in paragraphs 9-11 above.

WHEREFORE, Plaintiff, Vicky Phillips, demands judgment against Defendants, those named and identified as fictitious party Defendants in the caption of the Complaint, for compensatory and punitive damages to be determined by a struck jury, interest and the costs of this action.

## COUNT III
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

36.      Plaintiff Vicky Phillips re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

37.      Defendants, those named and identified as fictitious party Defendants in the caption of the Complaint, were under an obligation and duty to train their employees to ensure

8

no hazardous conditions and/or unreasonable dangers existed for customers of the Walmart Supercenter Store #300 at 1625 Pelham Rd. S., Jacksonville, Alabama 36265.

38.     Defendants, those named and identified as fictitious party Defendants in the caption of the Complaint, were under an obligation and duty to train and supervise store employees to properly inspect the commercial areas or areas accessible to their patrons or invitees so that there are no dangerous conditions not readily discoverable to their patrons or invitees.

39.     Defendants, those named and identified as fictitious party Defendants in the caption of the Complaint, negligently failed to properly train their employees to inspect and to keep the store area free and clear of dangerous conditions and hazards, and the failure to properly so train their employees directly resulted in Plaintiff Vicky Phillips' injuries as described herein.

40.     As a direct and proximate consequence of Defendants', those named and identified as fictitious party Defendants in the caption of this Complaint, negligent hiring, training and supervision, Plaintiff Vicky Phillips was injured and damaged as alleged in paragraphs 9-11 above.

WHEREFORE, Plaintiff, Vicky Phillips, demands judgment against Defendants, those named and identified as fictitious party Defendants in the caption of the Complaint, for compensatory and punitive damages to be determined by a struck jury, interest and the costs of this action.

Respectfully Submitted,


/s/ Kevin L. Berry
Kevin L. Berry (BER044)
Attorney for Plaintiff

9

**OF COUNSEL:**
**Morgan & Morgan Birmingham, PLLC**
2031 2nd Avenue North
Birmingham, AL 35203
Phone:          (205) 517-6861
Facsimile:     (205) 517-6881
Email:          *kberry@forthepeople.com*
Plaintiff's Address:
c/o
**Morgan & Morgan Birmingham, PLLC**
2031 2nd Avenue North
Birmingham, AL 35203
Phone:          (205) 517-6861
Facsimile:     (205) 517-6881
Email:          *kberry@forthepeople.com*


### *** PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY***


### PLEASE SERVE BY CERTIFIED MAIL:

Walmart Stores East, LP
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama  36104

Walmart Real Estate Business Trust
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama  36104

ELECTRONICALLY FILED
6/4/2020 9:29 PM
11-CV-2020-900263.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| VICKY PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Civil Action Number CV-2020-900263 |
| | ) |
| WALMART STORES, EAST, LP, | ) |
| WALMART REAL ESTATE | ) |
| BUSINESS TRUST, et al. | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF APPEARANCE

COME NOW the undersigned, Julie D. Pearce of Gaines Gault Hendrix P.C., and respectfully enters her name as counsel of record for Wal-Mart Stores East, LP, incorrectly designated as Walmart Stores, East, LP.

This the 4th day of June, 2020.

Respectfully Submitted,

/s/ Julie D. Pearce
Julie D. Pearce (PEA032)
Attorney for Defendant
Wal-Mart Stores East, L.P.

OF COUNSEL:
GAINES GAULT HENDRIX, P.C.
3500 Blue Lake Drive
Suite 425
Birmingham, Alabama 35243
205-980-5888
jpearce@ggh-law.com

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 4th day of June, 2020.


Kevin L. Berry
MORGAN & MORGAN BIRMINGHAM, PLLC
2031 2nd Avenue North
Birmingham, Alabama 35203




/s/ Julie D. Pearce
OF COUNSEL

ELECTRONICALLY FILED
6/12/2020 4:06 PM
11-CV-2020-900263.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| **VICKY PHILLIPS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Civil Action Number CV-2020-900263** |
| | ) |
| **WALMART STORES, EAST, LP,** | ) |
| **WALMART REAL ESTATE** | ) |
| **BUSINESS TRUST, et al.** | ) |
| | ) |
| **Defendants.** | ) |

### NOTICE OF APPEARANCE

COMES NOW the undersigned, Amanda G. Kisor, of Gaines Gault Hendrix, P.C., and respectfully enters her name as additional counsel of record for defendant, Wal-Mart Stores East, L.P., incorrectly designated as Walmart Stores, East, L.P.

Respectfully submitted on this the 12th day of June, 2020.

Respectfully Submitted,

/s/ Amanda G. Kisor
Amanda G. Kisor (KIS007)
Attorney for Defendant
Wal-Mart Stores East, L.P.

**OF COUNSEL:**
**GAINES, GAULT, HENDRIX PC**
3500 Blue Lake Drive, Suite 425
Birmingham, Alabama 35243
205-980-5888
akisor@ggh-law.com

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record via AlaFile or mailed to any of the following pro se individuals on this the 12th day of June, 2020.

Kevin L. Berry
**MORGAN & MORGAN**
2031 2nd Avenue North
Birmingham, Alabama 35203


/s/ Amanda G. Kisor
OF COUNSEL

ELECTRONICALLY FILED
6/15/2020 4:58 PM
11-CV-2020-900263.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **VICKY PHILLIPS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action Number CV-2020-900263** |
| | ) | |
| **WALMART STORES, EAST, LP,** | ) | |
| **WALMART REAL ESTATE** | ) | |
| **BUSINESS TRUST, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER FOR WAL-MART STORES EAST, LP

COMES NOW, Wal-Mart Stores East, L.P., named as a Defendant in the above-styled cause, and in response to the Plaintiff's Complaint, states as follows:

## NATURE OF THE ACTION

## THE PARTIES

1.    Upon information and belief, admitted.

2.    Admitted.

3.    Denied.  This Defendant is improperly named in this action.

## STATEMENT OF FACTS

4.    Upon information and belief, the Plaintiff was at the store on the date in question; however, Defendant denies the remaining allegations contained in this paragraph and demands strict proof thereof.

5.    Denied. Defendant demands strict proof thereof.

6.    Denied. Defendant demands strict proof thereof.

7.    Denied. Defendant demands strict proof thereof.

8.      Denied. Defendant demands strict proof thereof.

9.      Denied. Defendant demands strict proof thereof.

10.     Denied. Defendant demands strict proof thereof.

11.     Denied. Defendant demands strict proof thereof.

## COUNT I
## NEGLIGENCE

12.     This paragraph does not require a response from this Defendant; however, to the extent a response is deemed required, Defendant denies these allegations and demands strict proof thereof.

13.     Denied. Defendant demands strict proof thereof.

14.     Denied. Defendant demands strict proof thereof.

15.     Denied. Defendant demands strict proof thereof.

16.     Denied. Defendant demands strict proof thereof.

17.     Denied. Defendant demands strict proof thereof.

18.     Denied. Defendant demands strict proof thereof.

19.     Denied. Defendant demands strict proof thereof.

20.     Denied. Defendant demands strict proof thereof.

21.     Denied. Defendant demands strict proof thereof.

22.     Denied. Defendant demands strict proof thereof.

23.     Denied. Defendant demands strict proof thereof.

This Defendant denies that Plaintiff is entitled to recover damages as set forth in the *ad damnum* clause following this count.

## COUNT II
## WANTONNESS

24.     This paragraph does not require a response from this Defendant; however, to the extent a response is deemed required, Defendant denies these allegations and demands strict proof thereof.

25.     Denied. Defendant demands strict proof thereof.

26.     Denied. Defendant demands strict proof thereof.

27.     Denied. Defendant demands strict proof thereof.

28.     Denied. Defendant demands strict proof thereof.

29.     Denied. Defendant demands strict proof thereof.

30.     Denied. Defendant demands strict proof thereof.

31.     Denied. Defendant demands strict proof thereof.

32.     Denied. Defendant demands strict proof thereof.

33.     Denied. Defendant demands strict proof thereof.

34.     Denied. Defendant demands strict proof thereof.

35.     Denied. Defendant demands strict proof thereof.

Defendant denies that Plaintiff is entitled to recover damages as set forth in the *ad damnum* clause following this count.

## COUNT III
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

36.     This paragraph does not require a response from this Defendant; however, to the extent a response is deemed to require, Defendant denies these allegations and demands strict proof thereof.

37.     Defendant admits that it has a duty to train its employees; however, as worded, Defendant denies the remaining allegations contained in this paragraph and demands strict proof thereof.

38.     Defendant admits that it has a duty to train and supervise its employees generally; however, as worded, Defendant denies the remaining allegations contained in this paragraph and demands strict proof thereof.

39.     Denied. Defendant demands strict proof thereof.

40.     Denied. Defendant demands strict proof thereof.

Defendant denies that Plaintiff is entitled to recover damages as set forth in the *ad damnum* clause following this count.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and is therefore due to be dismissed.

### SECOND DEFENSE

Defendant denies each and every averment of the Complaint not specifically admitted herein.

### THIRD DEFENSE

Defendant denies that it was guilty of negligence as alleged in the Complaint and further denies that any conduct or omission on its part proximately caused or contributed to the injuries and damages alleged in the Complaint.

## FOURTH DEFENSE

Defendant alleges that the incident complained of was proximately caused by an independent, intervening, or superseding act or omission, and not by any acts or omissions attributable to this Defendant.

## FIFTH DEFENSE

Defendant alleges that the Plaintiff is guilty of contributory negligence in connection with the claims asserted in the Complaint, which negligence proximately caused or contributed to the injuries and damages asserted in her Complaint.

## SIXTH DEFENSE

Defendant denies that it had actual or constructive notice of any dangerous or defective condition on its premises, if any, as alleged in the Complaint.

## SEVENTH DEFENSE

Defendant asserts that Plaintiff assumed the risk of the injuries and damages about which she complains.

## EIGHTH DEFENSE

Defendant denies breaching any duty owed to Plaintiff, if any.

## NINTH DEFENSE

Defendant asserts that to the extent any hazardous condition existed, it was or should have been open and obvious to the Plaintiff.

## TENTH DEFENSE

Defendant avers Plaintiff failed to mitigate her injuries or damages.

## ELEVENTH DEFENSE

Defendant denies that Plaintiff was injured to the nature and extent claimed in the Complaint and demands strict proof thereof.

## TWELFTH DEFENSE

Defendant asserts Ala. Code §12-21-45 (1975), pursuant to Dixie Marsh v. Rodgers Green, M.D., 782 So. 2d 223 (Ala. 2000), to the extent Plaintiff claims damages for medical expenses and/or hospital expenses which have been, or which will be, reimbursed or paid, either in part or in full.

## THIRTEENTH DEFENSE

Defendant denies that any conduct or admission attributable to it was wanton in nature.

## FORTEENTH DEFENSE

Defendant denies that the damages Plaintiff claims were proximately caused by any actions or inactions attributable to this Defendant.

## FIFTEENTH DEFENSE

Defendant denies that it is liable for any alleged negligence or wantonness in its hiring, training, or supervision of store associates or others.

## SIXTEENTH DEFENSE

Defendant denies that it has a duty to warn the Plaintiff, or if it did have such a duty, that it compiled with same.

## SEVENTEENTH DEFENSE

To the extent Plaintiff claims punitive damages against this Defendant, Defendant pleads the following punitive damages defenses:

1.      Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

a.      It is in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the plaintiff's satisfying a burden of proof, which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

d.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e.      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f.      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

g.      The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportioned, or bear a reasonable relationship, to the actual harm incurred.

h.      The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding such damages.

2.      Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

a.      It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the Plaintiffs' satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.      The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

c.      The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of such award; and

e.      The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

3.      Plaintiff's attempt to impose punitive or extra contractual damages on this Defendant, on the basis of vicarious liability for the conduct by others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4       The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

5.      The award of punitive damages against the Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

6.      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 6, of the Alabama Constitution.

7.      A punitive damages award violates due process when it is "grossly excessive" in relation to the State's legitimate interests in punishing unlawful conduct and deterring its repetition. BMW of North Am. v. Gore, U.S.___, 116 S. Ct. 1589 (1996).

8.      This Defendant did not receive adequate notice of the magnitude of the sanction that the State may impose.   BMW of North Am. v. Gore, U.S.___, 116 S. Ct. 1589 (1996).

9.      This Defendant's conduct was not sufficiently reprehensible to support an award of punitive damages. BMW of North Am. v. Gore, U.S.___, 116 S. Ct. 1589 (1996).

10.     Any award of punitive damages based on the amount of the Plaintiff's alleged compensatory damages would be excessive. BMW of North Am. v. Gore,  U.S.___, 116 S. Ct. 1589 (1996).

11.     This Defendant's conduct was not sufficiently egregious to justify a punitive sanction against it. BMW of North Am. v. Gore, U.S.___, 116 S. Ct. 1589 (1996).

## EIGHTEENTH DEFENSE

Defendant denies that it liable to the Plaintiff for any actions or inactions of others, pursuant to the doctrine of Respondeat Superior or otherwise.

## NINETEENTH DEFENSE

Defendant reserves the right to amend its Answer as future discovery or investigation may indicate.

Respectfully Submitted,


/s/ Julie D. Pearce
Julie D. Pearce (PEA032)
Amanda G. Kisor (KIS007)
Attorneys for Defendant
Wal-Mart Stores East, L.P.

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
3500 Blue Lake Drive
Suite 425
Birmingham, Alabama 35243
205-980-5888
jpearce@ggh-law.com
akisor@ggh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 15th day of June, 2020.

Kevin L. Berry
MORGAN & MORGAN BIRMINGHAM, PLLC
2031 2nd Avenue North
Birmingham, Alabama 35203


/s/ Julie D. Pearce
OF COUNSEL

ELECTRONICALLY FILED
7/2/2020 3:13 PM
11-CV-2020-900263.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| **VICKY PHILLIPS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Civil Action Number CV-2020-900263** |
| | ) |
| **WALMART STORES, EAST, LP,** | ) |
| **WALMART REAL ESTATE** | ) |
| **BUSINESS TRUST, et al.** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE TO CLERK OF SERVING DISCOVERY

TO:   Circuit Court Clerk
Calhoun County Courthouse
25 W 11th Street
Anniston, Alabama 36201

Please take notice that the following discovery documents have been served on behalf of

Defendant:

- **Defendant's First Set of Interrogatories to Plaintiff**
- **Defendant's First Request for Production to Plaintiff**
- **Defendant's First Request for Admissions to Plaintiff**

Respectfully Submitted,

/s/ Julie D. Pearce
Julie D. Pearce (PEA032)
Amanda G. Kisor (KIS007)
Attorneys for Defendant
Wal-Mart Stores East, L.P.

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
3500 Blue Lake Drive
Suite 425
Birmingham, Alabama 35243
205-980-5888
jpearce@ggh-law.com
akisor@ggh-law.com

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 2nd day of July, 2020.


Kevin L. Berry
MORGAN & MORGAN BIRMINGHAM, PLLC
2031 2nd Avenue North
Birmingham, Alabama 35203


/s/ Julie D. Pearce_____
OF COUNSEL

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| **VICKY PHILLIPS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Civil Action Number CV-2020-900263** |
| | ) |
| **WALMART STORES, EAST, LP,** | ) |
| **WALMART REAL ESTATE** | ) |
| **BUSINESS TRUST, et al.** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANT'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF

COMES NOW Defendant Wal-Mart Stores East, L.P., and pursuant to Rule 36 of the Alabama Rules of Civil Procedure, requests that the Plaintiff admit or deny the following:

1.      The amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

2.      You are seeking an award of more than $75,000 to satisfy all claims alleged in your Complaint.

3.      You are seeking more than $75,000 in damages for the claims alleged in your Complaint.

4.      You will accept more than $75,000 in total compensatory and punitive damages should (a) liability be established against Defendant; and (b) damages are awarded to you.

5.      There is evidence to support an award of damages in this case exceeding $75,000, including compensatory and punitive damages for all of your claims.

6.      The proper measure of damages, if any, exceeds $75,000, inclusive of all claims for compensatory and punitive damages.

7.      You and/or your attorneys will ask a jury to return a verdict for more than $75,000 in the event of a trial of this case.

Respectfully Submitted,


/s/ Julie D. Pearce
Julie D. Pearce (PEA032)
Amanda G. Kisor (KIS007)
Attorneys for Defendant
Wal-Mart Stores East, L.P.

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
3500 Blue Lake Drive
Suite 425
Birmingham, Alabama 35243
205-980-5888
jpearce@ggh-law.com
akisor@ggh-law.com


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 2nd day of July, 2020.


Kevin L. Berry
MORGAN & MORGAN BIRMINGHAM, PLLC
2031 2nd Avenue North
Birmingham, Alabama 35203


/s/ Julie D. Pearce
OF COUNSEL

2

ELECTRONICALLY FILED
8/3/2020 5:34 PM
11-CV-2020-900263.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | | |
|---|---|---|
| VICKY PHILLIPS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.:** |
| | ) | **CV 20 900263** |
| WALMART STORES EAST, LP; et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF FILING

COMES NOW the Plaintiff, Vicky Phillips, by and through her attorney of record, and hereby gives notice of the filing of the following discovery document(s):

1.    **Plaintiff's Responses to Defendant's Request for Admissions**

Respectfully submitted,

/s/Kevin L. Berry
Kevin L. Berry (BER044)
Attorney for Plaintiff

*Of Counsel*:
MORGAN & MORGAN
2031 2ND Ave. N.
Birmingham, Alabama 35203
(T) (205) 517-6861
(F) (205) 517-6881
*kberry@forthepeople.com*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have served a copy of the foregoing document upon the following by forwarding a copy of same to him or her or them via Alabama's E-file system, by facsimile, by hand-delivery or by U.S. Mail, properly addressed and postage prepaid, on this, the 3rd day of August, 2020:

    Julie D. Pearce, Esq.
    Amanda G. Kisor, Esq.
    Gaines, Gault Hendrix, P.C.
    3500 Blue Lake Drive
    Birmingham, AL 35243
    (205) 980-5888
    *jpearce@ggh-law.com*
    *akisor@ggh-law.com*

                             /s/Kevin L. Berry_____
                             Of Counsel

**IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA**

| | | |
|---|---|---|
| **VICKY PHILLIPS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | **CV 20 900263** |
| **WALMART STORES EAST, LP; et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### PLAINTIFF'S RESPONSES TO DEFENDANTS REQUEST FOR ADMISSIONS

---

COMES NOW the Plaintiff, Vicky Phillips, by and through her undersigned attorney of record, and responds to Defendant Wal-Mart Stores East, L.P.'s request for admissions as follows:

1.  Admitted

2.  Admitted

3.  Admitted

4.  Admitted

5. Admitted

6.  Admitted

7.  Admitted

Respectfully Submitted,

*/s/ Kevin L. Berry*
Kevin L. Berry (BER044)
Attorney for Plaintiff

**OF COUNSEL:**
**Morgan & Morgan Birmingham, PLLC**
2031 2nd Avenue North
Birmingham, AL 35203
Phone:          (205) 517-6861
Facsimile:      (205) 517-6881
Email:          *kberry@forthepeople.com*
Plaintiff's Address:
c/o
**Morgan & Morgan Birmingham, PLLC**
2031 2nd Avenue North
Birmingham, AL 35203
Phone:          (205) 517-6861
Facsimile:      (205) 517-6881
Email:          *kberry@forthepeople.com*

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing document upon the following by forwarding a copy of same to him or her or them via Alabama's E-file system, by facsimile, by hand-delivery or by U.S. Mail, properly addressed and postage prepaid, on this, the 3rd day of August, 2020:

> Julie D. Pearce, Esq.
> Amanda G. Kisor, Esq.
> Gaines, Gault Hendrix, P.C.
> 3500 Blue Lake Drive
> Birmingham, AL 35243
> (205) 980-5888
> *jpearce@ggh-law.com*
> *akisor@ggh-law.com*

/s/Kevin L. Berry
Of Counsel

ELECTRONICALLY FILED
8/24/2020 8:22 AM
11-CV-2020-900263.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| **VICKY PHILLIPS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Civil Action Number CV-2020-900263** |
| | ) |
| **WALMART STORES, EAST, LP,** | ) |
| **WALMART REAL ESTATE** | ) |
| **BUSINESS TRUST, et al.** | ) |
| | ) |
| **Defendants.** | ) |

## <u>NOTICE OF CHANGE OF ADDRESS</u>

COMES NOW the undersigned attorney for the defendant and notifies the Court and all

parties that her firm's address has changed effective August 24, 2020.  The Court, Clerk of Court

and all attorneys and parties are respectfully requested to serve the undersigned at the following

address:

**GAINES GAULT HENDRIX, P.C.**
**361 Summit Blvd.**
**Suite 200**
**Birmingham, Alabama 35243**

Respectfully Submitted,

/s/ Julie D. Pearce
Julie D. Pearce (PEA032)
Amanda G. Kisor (KIS007)
Attorney for Defendant
Wal-Mart Stores East, L.P.

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
361 Summit Blvd., Suite 200
Birmingham, Alabama 35243
205-980-5888
jpearce@ggh-law.com
akisor@ggh-law.com

1

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 24th day of August, 2020.


Kevin L. Berry
MORGAN & MORGAN BIRMINGHAM, PLLC
2031 2nd Avenue North
Birmingham, Alabama 35203


          /s/ Julie D. Pearce
          OF COUNSEL