FILED

2022 Feb-28  AM 08:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **VICKY PHILLIPS,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **1:20-cv-01311-ACA** |
| | ] | |
| **WALMART STORES, EAST, LP, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION AND ORDER

While Plaintiff Vicky Phillips was shopping at a Garden Center run by Defendant Walmart Stores, East, LP ("Walmart"), two trees fell off a pallet, hitting her and causing her to trip and fall. She sues Walmart for negligence, wantonness, and negligent hiring, training and supervision. (Doc. 1-1 at 5–10). Walmart moves for summary judgment on all claims. (Doc. 26). Because Ms. Phillips has presented sufficient evidence to create a genuine dispute of material fact about whether the tree display was defective or dangerous, the court **DENIES** Walmart's motion.

### I.     BACKGROUND

In reviewing a motion for summary judgment, the court "draw[s] all inferences and review[s] all evidence in the light most favorable to the non-moving party." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted).

In May 2019, Ms. Phillips went to the Walmart to shop for some plants.  (Doc. 32-1 at 6).  Walmart had sectioned off a part of its parking lot to display trees and other plants.  (*See* Doc. 36).  The trees, kept in nursery pots, were placed on slatted wooden pallets that sat on the ground.  (*See*, *e.g.*, *id.* at 28).  Nothing secured the trees to the pallets, which were uneven.  (*Id.* at 14).  Ms. Phillips testified that although she had visited this Walmart before, she had never seen the trees placed on pallets.  (*Id.* at 15).

As Ms. Phillips walked between the pallets, two trees fell off the pallets: one hit her in the back and the other fell in front of her, causing her to trip and fall.[1] (Doc. 32-1 at 7).  After she fell, Mrs. Phillips called for help and another customer got a manager, who helped her to a chair and gave her an ice pack.  (*Id.* at 8).  Ms. Phillips went to an urgent care the next day because of pain in her shoulder and knee.  (Doc. 32-1 at 11).  The urgent care referred her to an orthopedist who recommended physical therapy and, eventually, rotator cuff surgery.  (*Id.* at 11–12).

At her deposition, Mrs. Phillips testified that she believed the trees fell because the pallets were unsecured and uneven.  (Doc. 32-1 at 14).  She further stated: "on the pallets, wind, anything could blow them over, and I don't know—I can't say that there wasn't somebody on the other side of the trees." (*Id.*).  Walmart

---

[1] Although Ms. Phillips submitted security footage recorded by Walmart, the video is taken from such a distance and the view is so obscured that the viewer cannot see more than movement among the trees followed by an indistinct figure falling to the ground.  (*See* Doc. 36 at 59:52– 1:00:10).

presented evidence that it is unaware of any other tripping or falling incidents near a pallet in the three years before Ms. Phillips' fall. (Doc. 32-2 at 69).

## II.    DISCUSSION

Walmart seeks summary judgment on all of Ms. Phillips' claims.  (Doc. 26). It makes the same argument with respect to all of her claims: that Ms. Phillips cannot prove why the trees fell down and therefore cannot prove the existence of a defect or dangerous condition.   (Doc. 28 at 9–18).   Ms. Phillips responds that she has presented evidence that the trees were resting, unsecured, on the pallets, creating a dangerous condition that caused her to fall.  (Doc. 37 at 17–20)

The court must grant summary judgment if the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a); *see also Hamilton*, 680 F.3d at 1318. Under Alabama law, a plaintiff asserting premises liability must establish the existence of a duty, a breach of the duty, causation, and damages.  *Sessions v. Nonnenmann*, 842 So. 2d 649, 651 (Ala. 2002).  Here, because Ms. Phillips was a customer patronizing Walmart, Walmart had a duty "to exercise reasonable care to provide and maintain reasonably safe premises for the use of [its] customers." *Denmark v. Mercantile Stores Co.*, 844 So. 2d 1189, 1192 (Ala. 2002) (quotation marks omitted).  But "[a]n owner of a premises is not an insurer of the safety of its invitees, and the doctrine of res ipsa loquitur is not applicable . . . .  Neither does a

presumption of negligence arise from the mere fact of an injury to an invitee." *Wal-Mart Stores, Inc. v. Rolin*, 813 So. 2d 861, 863–64 (Ala. 2001).

Ms. Phillips contends that the placement of unsecured trees on pallets in the parking lot caused the two trees to fall, leading to her injury. (Doc. 37 at 17). Taking the facts in the light most favorable to Ms. Phillips, a reasonable jury could find that the uneven pallets and unsecured trees in nursery pots was a dangerous condition that caused the trees to fall. *See Norris v. Wal-Mart Stores, Inc.*, 628 So. 2d 475, 477–78 (Ala. 1993) (finding that a plaintiff had presented sufficient evidence of negligence to create a jury question where some boxes fell off a shelf and hit the plaintiff, even though no one could explain what caused the boxes the fall). Walmart argues that the tree display cannot be considered a dangerous condition because there is no evidence that any other customer was injured by trees falling off pallets in the three years before Ms. Phillips' injury. (Doc. 33 at 14–15). But Ms. Phillips has presented evidence from which a reasonable jury could find that Walmart did not place trees on pallets before this incident. (Doc. 32-1 at 15). Accordingly, the court cannot find that Walmart is entitled to judgment as a matter of law with respect to the question whether the tree display was defective or constituted a dangerous condition. And because that is Walmart's only argument in support of summary judgment, the court **DENIES** Walmart's motion for summary judgment.

**DONE** and **ORDERED** this February 28, 2022.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE